UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GREYLAN GLAZE,

    Plaintiff,

v.                             CV 02-AR-2480-S

CINCINNATI INSURANCE COMPANY,

    Defendant.

03 JUN 13 PM 3:26

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 13 2003

**MEMORANDUM OPINION**

    Before the court are cross motions for partial summary judgment on the limited question of coverage under the uninsured/underinsured motorist ("UM/UIM") provisions of an insurance policy purchased by Warrior River Water Authority ("the Water Authority"), from the defendant, Cincinnati Insurance Company ("CIC"). Plaintiff, Greylan Glaze ("Glaze"), an employee of the Water Authority, seeks coverage under his employer's policy as an insured who was injured in the course and scope of his employment.

**Undisputed Facts**

    Glaze was injured on December 11, 2001, while working in the course and scope of his employment as a maintenance supervisor for the Water Authority. In conjunction with his employment Glaze drove a truck insured by CIC. The Water Authority vehicles were insured under a policy issued by CIC containing, as required by Alabama law, a UM/UIM provision. Glaze, like other employees of the Water Authority, was issued and carried with him an insurance coverage card identifying

1

34

CIC as the insurance carrier. While Glaze was supervising the laying-out and repair of a water line, he was struck by an automobile operated by Tamira Lindsey ("Lindsey"), an underinsured motorist. Glaze suffered severe and debilitating injuries to both of his legs. After being bedridden for a month, Glaze was confined to a wheelchair, but eventually regained the ability to walk with the aid of a walker. By April of 2002, Glaze was able to walk unaided.

At all times during his rehabilitation, Glaze was paid temporary total disability benefits by the Water Authority's workmen's compensation carrier, HIH, Inc ("HIH"). HIH also paid $5,000 dollars in related medical bills associated with Glaze's claim. In January 2002, Glaze received a tender offer from Linsey's insurance carrier, Continental National Indemnity Company ("CNIC"), for the policy limits of her coverage, $20,000 dollars. Before excepting the settlement with Linsey's carrier, Glaze notified and received waivers of subrogation from both CIC and State Farm Insurance Company, Glaze's personal UM/UIM carrier. In February 2002, Glaze received a total of $60,000 dollars, representing three $20,000 policies from State Farm. In March 2002, Glaze received $20,000 dollars in full and final settlement of his claims against Lindsey's insurance carrier exempting any and all UM/UIM claims. Glaze then reimbursed HIH, the workmen's compensation carrier, for $9,950.00 on its subrogation interest.

Based on two unpublished opinions of the Alabama Court of Civil Appeals, CIC broke off negotiations with Glaze, contending that he was not entitled to recover UM/UIM benefits under the Water Authority's policy with CIC because he had received workmen's compensation

benefits from the same accident.  *See Auto Owners Ins. Co. v. Holland*, 2002 WL 538998 (Ala. Civ. App., April 12, 2002), and *State Farm Mut. Auto. Ins. Co. v. Carlton*, 2001 WL 499076, ___ So.2d ___ (Ala. Civ. App., May 11, 2001).  Glaze filed the present action after negotiations ceased.

The Alabama Supreme Court thereafter granted *certiorari* in *Carlton*, one of the two opinions that CIC relied on to deny Glaze's claim.  On April 11, 2003, the Supreme Court issued its opinion in *Ex parte Carlton*, ___ So.2d ___, 2003 WL 1861013 (April 11, 2003). For the limited purpose of the cross-motions for summary judgment, the parties have agreed that there exist no genuine issue of material fact related to coverage under CIC's UM/UIM policy, and that the court should decide the issue of coverage as a matter of law.  The issue before the court is whether Glaze, as an insured under the Water Authority's UM/UIM provision, can recover benefits from CIC when he was "legally entitled to recover damages" from the owner or operator of an un[der]insured vehicle" when he was injured during the course and scope of his employment and received compensation from HIH, his employer's workmen's compensation carrier.  *Ex parte Carlton*, ___ So.2d ___, 2003 WL 1861013 (April 11, 2003).

## Analysis

CIC argues that Glaze is precluded from recovering benefits under his employer's UM/UIM policy because Alabama Code § 25-5-53 provides that an employee's *exclusive* remedy for an injury suffered in the line and scope of his duties is worker's compensation benefits.  According to CIC, *Carlton* and a long line of holdings from other jurisdictions

3

involving UM/UIM and workmen's compensation support this proposition.

In *Carlton*, the injured employee had already received worker's compensation benefits for an injury he received as a passenger in his employer's vehicle driven by a *co-employee* who negligently turned in front of an oncoming vehicle. Carlton sought benefits from State Farm under the UM/UIM provision of his mother's insurance policy. State Farm refused to pay the benefits and filed a declaratory action. The court found for Carlton, but on appeal the trial court was reversed. The Supreme Court granted *certiorari* and affirmed the Court of Civil Appeals' decision in favor of the insurer; however, the highest court applied different reasoning to reach its outcome.

The issue in *Carlton* was "whether an employee, who is barred by the Workers' Compensation Act from suing a co-employee based on negligence, is entitled to uninsured-motorist benefits under his family's automobile liability insurance policy even though he is entitled to, and in fact has received, workers' compensation benefits." *Ex Parte Carlton*, at 4. Based on the plain and unambiguous language of the uninsured-motorist statute, the Supreme Court found that Carlton was not entitled to recover under the UM/UIM provision in his mother's insurance policy.

In its decision in favor of State Farm, the Court explicitly overruled *Hogan*, *Jeffers*, and *Baldwin*, three cases in which the Court had carved out judicial exceptions to the uninsured motorists statute's requirement that the injured party be "legally entitled to recover damages" in order to be entitled to uninsured benefits. In *Hogan*, the insured was barred from recovery against the driver of the

4

insured vehicle because he was a guest or passenger in the tortfeasor's vehicle. *See Hogan v. State Farm Mut. Auto. Ins. Co.*, 730 So.2d 1157 (Ala. 1998). In *Jeffers*, the injured party was barred from recovery because the insured vehicle, was driven by a deputy sheriff who was substantively immune from suit. *See State Farm Mut. Auto. Ins. Co. v. Jeffers*, 686 So.2d 248 (Ala. 1996). In *Baldwin*, the Feres doctrine precluded the insured, a member of the armed forces, from maintaining a tort action against the government for injuries sustained when the insured was involved in a collision with a government vehicle being operated by a civil employee of the government. *See State Farm Auto. Ins. Co. v. Baldwin*, 470 So.2d 1230 (Ala. 1985).

  The *Carlton* decision stands for the proposition that a party must be "legally entitled to recover" against the owner or operator of the underinsured or uninsured vehicle to receive UM/UIM benefits. Carlton was not entitled to uninsured-motorist benefits under his family's automobile liability insurance policy because he was not "legally entitled to recover damages" against a *co-employee* because the exclusivity clause of the Workmen's Compensation Act bars suits against co-employees. *Carlton* does not address the issue raised by CIC in the present action, namely, whether Glaze's receipt of workmen's compensation benefits precludes his recovery under the UM/UIM provision in his employer's insurance policy because worker's compensation benefits provide the sole or exclusive remedy to an employee injured in the line and scope of his employment.

  The court has reviewed the case materials presented by CIC.

Although, the cases cited by CIC are in line with the reasoning and holding in *Carlton,* the court finds that they do not support CIC's position that an employee injured in the scope of his employment is entitled only to worker's compensation benefits as his sole or exclusive remedy against a third-party tortfeasor who is uninsured or underinsured. In a Florida case, *Allstate Insurance Company v. Boynton*, the Florida Supreme Court held that while the insured was technically injured by an uninsured motor vehicle, he could not recover under a UM/UIM provision in his own insurance policy because he was not **"legally entitled to recover"** against a negligent **co-employee** who was immune from suit under the exclusivity provision of Florida's Workmen's Compensation Act. *Allstate Ins. Co. v. Boynton*, 486 So.2d 552 (Fla. 1986). Similarly, the Georgia Court of Appeals held that an employee could not recover benefits under his own UM/UIM policy when he was injured on the job by a vehicle belonging to his employer and operated by a co-employee because he was barred from **"legally recovering damages"** from the **co-employee** by the Workmen's Compensation Act. *Williams v. Thomas*, 370 S.E.2d 773 (Ga. Ct. App. 1988). *See also State Farm Mut. Auto. Ins. Co. v. Royston*, 817 P.2d 118 (Haw. 1991)(court held that government employee could not recover uninsured motorist benefits for work-related injuries where the employee was statutorily barred from prosecuting a tort claim against the government as the uninsured tortfeasor); *Williams v. Country Mut. Ins. Co.*, 328 N.E.2d 117 (Ill. Ct. App. 1975)(court held where accident between insured and uninsured motorists arose out of and in the course of their employment precluding common law action between

6

them, insured was not entitled to recover uninsured benefits because insured was not **legally entitled to recover**); *Mayfield v. Casualty Reciprocal Exch.*, 442 So.2d 894 (La. Ct. App. 1984)(court held injured party was barred from recovering uninsured motorist coverage because he was barred from legally recovering damages against tortfeasor by the guest statute); *Peterson v. Utah Farm Bureau Ins. Co.*, 927 P.2d 192 (Utah Ct. App. 1996)(court held insured employee was not entitled to uninsured motorist benefits because he was not legally entitled to recover against **co-employee**); *Hopkins v. Auto-Owners Ins. Co.*, 200 N.W.2d 784 (Mich. Ct. App. 1972)(court held no uninsured motorist coverage for accident victim when accident was between two **co-employees** because Workmen's Compensation Act legally barred suit against **co-employee**); *Aetna Cas. and Surety Co. v. Dodson*, 367 S.E.2d 505 (Va. 1988)(court held no uninsured coverage for injured where the exclusive remedy clause of the Workmen's Compensation Act barred recovery against **co-employee**); *Romanick v. Aetna Cas. and Surety Co.*, 795 P.2d 728 (Wash. Ct. App. 1990)(court held that insured was not entitled to receive benefits under his own insurance policy because recovery against a **fellow employee** was barred by the exclusivity clause in the Workmen's Compensation Act); *Peterson v. Kludt*, 317 N.W.2d 43 (Minn. 1982)(personal injury suit barred against co-employees); *Kough v. New Jersey Auto. Full Ins. Underwriting Ass'n*, 568 A.2d 127 (N.J. Super. Ct. App. Div. 1990)(no recovery benefits for insured barred from legally recovering damages from negligent coemployee).

    In many of these cases the courts discuss in dicta whether or not

a person injured in the course and scope of his employment by a third-party tortfeasor may recover both UM/UIM benefits and worker's compensation benefits under the injured party's insurance. Resoundingly, these courts recognize that the worker's compensation bar has never been construed to preclude an injured worker from recovering both UM/UIM benefits and worker's compensation. In fact, suits such as these give an employer or the worker's compensation carrier a lien on recovery from the tortfeasor and the injured party's UM coverage. See *Kough*, 568 A.2d at 133.

In a decision by the Texas Court of Appeals involving claims against a co-employee, the court discusses in dicta the issue presented in the instant action, namely, whether an employee can recover under both his employer's UM/UIM carrier and his employer's worker's compensation carrier when the employee is injured by a third-party tortfeasor against whom he is legally entitled to recover. See *Valentine v. Safeco Lloyds Ins. Co.*, 928 S.W.2d 639 (Tx. Ct. App. 1996)(citing *Boris v. Liberty Mut. Ins. Co.*, 515 A.2d 21, 22 (1986)). The case discussed in the Texas decision was a Pennsylvania case, *Boris v. Liberty Mutual Insurance*, where the injured party was driving his employer's vehicle when he was run off the road by an uninsured motorist, and the employee sought to recover both worker's compensation and UM/UIM benefits under his employer's insurance carriers. *Valentine*, 928 S.W.2d at 643. The Texas court explained that the worker's compensation law precluded the employee from collecting under his employer's automobile liability policy because such a claim would require litigating the fault of the insurer.

8

Nevertheless, the court did allow the employee to collect under his employer's UM/UIM coverage because that involved litigating the fault of a third-party tortfeasor. Thus, the plaintiff in *Boris* was "legally entitled to recover" against the third-party tortfeasor, and accordingly was not barred from receiving UM/UIM benefits under his employer's carrier due to the exclusivity clause under the Workmen's Compensation Act. *Boris* and the instant case are distinguishable from the line of cases presented by CIC in which an employee seeks to recover UM/UIM benefits in addition to worker's compensation benefits when the other party to the accident was a co-employee. The court finds as a matter of law that Glaze is entitled to recover UM/UIM benefits from CIC, his employer's UM/UIM carrier, subject to the subrogation interest of his employer's worker's compensation carrier. The ultimate question of liability by the alleged tortfeasor, the amount of plaintiff's damages, and the separate question of CIC's alleged bad faith, remain for trial.

## Conclusion

For the foregoing reasons partial summary judgment for Greylan Glaze will be granted, and accordingly, Cincinnati Insurance Company's motion for partial summary judgment is due to be denied. A separate and appropriate order will be entered.

DONE this 13th day of June, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE