F I L E D

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 AUG 19 PH 3: 12

U.S. DISTRICT COURT
N.D. OF ALABAMA

GREYLAN GLAZE,                    )
                                 )
        Plaintiff,               )
                                 )
v.                               )          CV 02-AR-2480-S
                                 )
                                 )
CINCINNATI INSURANCE COMPANY,    )
                                 )
        Defendant.               )
                                 )

ENTERED

AUG 19 2003

## MEMORANDUM OPINION

Before the court is defendant's motion pursuant to Rule 60(b)(6) to reconsider the court's judgment of June 13, 2003, finding coverage for plaintiff, Greylan Glaze ("Glaze"), under the uninsured/underinsured motorist ("UM/UIM") provisions of an insurance policy purchased by his employer, Warrior River Water Authority ("the Water Authority"), from defendant, Cincinnati Insurance Company ("CIC"). CIC has also filed a motion for partial summary judgment with respect to Glaze's claims of bad faith and fraud. The court finds no basis for an invocation of Rule 60(b)(6), but because the court will *sua sponte* certify the case to the Eleventh Circuit for interlocutory appeal, the court will respond hypothetically to CIC's motions.

## Undisputed Facts

Although the pertinent undisputed facts are set forth in the opinion of June 13, 2003, a recitation may be helpful as the new motions are being considered. Glaze was injured while working as a

1

maintenance supervisor for the Water Authority.  Glaze had been
driving a truck insured by CIC when he was struck by an automobile
operated by Tamira Lindsey ("Lindsey"), an underinsured motorist.
Glaze was severely injured.  *As required by Alabama law*, the insurance
policy contained a UM/UIM provision, and Glaze, like other employees
of the Water Authority, carried an insurance coverage card identifying
CIC as the insurance carrier.

Throughout his rehabilitation, Glaze received temporary total
disability benefits and reimbursement for some of his medical expenses
by the Water Authority's workmen's compensation carrier, HIH, Inc
("HIH").  Lindsey's insurance carrier paid Glaze $20,000, the policy
limits, in a settlement.  Glaze reimbursed HIH for its subrogation
interest.

Based on two opinions by the Alabama Court of Civil Appeals,
*State Farm Mut. Auto. Ins. Co. v. Carlton*, 2001 WL 499076, ___ So.2d.
___ (Ala. Civ. App., May 11, 2001)(unpublished) and *Auto Owners Ins.
Co. v. Holland*, 2002 WL 538998 (Ala. Civ. App., April 12, 2002)(based
on *Carlton*), CIC refused to negotiate with Glaze, contending that he
was not entitled to recover UM/UIM benefits under the Water
Authority's policy with CIC because he had received all he was
entitled to receive, his exclusive remedy being his workmen's
compensation benefits.  Glaze filed this underinsured motorist suit in
the Circuit Court of Jefferson County, Bessemer Division, from which
CIC removed it to this court.

On April 11, 2003, the Alabama Supreme Court affirmed the Court
of Civil Appeals' decision in *Carlton*.  *Ex parte Carlton*, ____ So.2d

2

_____, 2003 WL 1861013 (April 11, 2003).  The issue in *Carlton* was "whether an employee, injured in a motor-vehicle accident while acting in the scope of his employment, who is barred by the exclusivity-of-remedy provision in the Worker's Compensation Act, § 25-5-1 et seq., Ala. Code 1975, from suing a co-employee based on negligence, is entitled to uninsured-motorist benefits under his mother's liability automobile insurance policy."  In *Carlton*, the injured employee had already received worker's compensation benefits for an injury he received as a passenger in his employer's vehicle driven by a *co-employee* who negligently turned in front of an oncoming vehicle. Carlton sought benefits from State Farm under the UM/UIM provision of his mother's insurance policy.  State Farm refused to acknowledge any obligation and filed a declaratory action.  The trial court found for Carlton, but on appeal the Court of Appeals reversed.  The Supreme Court granted *certiorari* and affirmed the Court of Appeals' decision in favor of the insurer; however, the highest court employed different reasoning to reach its outcome.

The issue, as framed by the Supreme Court in *Carlton*, was "whether an employee, who is barred by the Workers' Compensation Act from suing a co-employee based on negligence, is entitled to uninsured-motorist benefits under his family's automobile liability insurance policy even though he is entitled to, and in fact has received, workers' compensation benefits."  *Ex Parte Carlton*, at 4. Based on the plain and unambiguous language of the uninsured-motorist statute, the Supreme Court found that Carlton was not entitled to recover under the UM/UIM provision in his mother's insurance policy

3

because he was not legally entitled to recover from his negligent co-employee.  In its decision in favor of State Farm, the Court explicitly overruled *Hogan*, *Jeffers*, and *Baldwin*, three cases in which the Court had carved out judicial exceptions to the uninsured-motorists statute's requirement that the injured party be "legally entitled to recover damages" in order to be entitled to uninsured benefits.  *See Hogan v. State Farm Mut. Auto. Ins. Co.*, 730 So.2d 1157 (Ala. 1998); *State Farm Mut. Auto. Ins. Co. v. Jeffers*, 686 So.2d 248 (Ala. 1996);  *State Farm Auto. Ins. Co. v. Baldwin*, 470 So.2d 1230 (Ala. 1985).

*Carlton* stands for the proposition that a party must be "legally entitled to recover" against the owner or operator of the underinsured or uninsured vehicle in order to receive UM/UIM benefits.  Carlton was not entitled to uninsured-motorist benefits under his family's automobile liability insurance policy only because he was not "legally entitled to recover damages" against a *co-employee* inasmuch as the exclusivity clause of the Workmen's Compensation Act bars suits against co-employees.

In its opinion of June 13, 2003, this court, applying the reasoning in *Carlton*, yet distinguishing it from the present case on the facts, found that Glaze, as an insured under the Water Authority's UM/UIM provision, could recover underinsured motorist benefits from CIC because he was "legally entitled to recover damages from the owner or operator of an un[der]insured vehicle" when he was injured during the course and scope of his employment even though he had received compensation from HIH, his employer's workmen's compensation carrier.

4

CIC admits that *Carlton* is not dispositive of the issue presented in the present action, but contends that *Holland*, a case decided by the Court of Civil Appeals, based on its unpublished holding in *Carlton*, is dispositive.  The basis for CIC's would-be motion to reconsider is its renewed argument that the Workmen's Compensation Act precludes any duplicative recovery for an employee injured in the course and scope of his employment because of the exclusivity provision in the Workmen's Compensation Act.  The Alabama Court of Civil Appeals said as much in *Auto-Owners Insurance Co., v. Holland*, 832 So.2d 76 (Ala. Civ. App. 2002), but the breadth of its holding goes well beyond its facts.  CIC goes further and "asserts that this [c]ourt erred in looking to out of state case law for analogous facts and law when similar facts and law are contained in an existing, controlling opinion from the Alabama Court of Civil Appeals."

## Analysis

The question is whether *Holland* is, in fact, controlling.  CIC repeats itself by saying that *Holland* stands for the broad proposition that all employees are precluded from recovering benefits under their employer's UM/UIM policy because Alabama Code § 25-5-53 provides for the employee's *exclusive* remedy for an injury suffered in the line and scope of their duties, namely, worker's compensation benefits.

This court, again, respectfully disagrees with CIC.  Although the facts in *Holland*, at first glance, appear to be identical to those in the present action, *Holland* is different in crucial respects from the present action.  *Holland* does not hold that all employees injured in the scope of their employment and who are therefore entitled to

5

worker's compensation benefits are precluded from pursuing a third-party tortfeasor who is uninsured or underinsured.

The facts in *Holland* were that Cynthia Holland, the injured employee there seeking to recover under her employer's UM/UIM provision, was a passenger in a vehicle driven by a co-worker, Rudolph Griswold ("Griswold"). Griswold and Holland were in a vehicle belonging to their employer, Jefferson County, and on the job when they collided with a vehicle driven by Zawadi Grazette ("Grazette"). Holland sued Grazette, State Farm Mutual Automobile Insurance Company ("State Farm"), and Auto-Owners Insurance Company ("Auto-Owners"), alleging that Grazette negligently or wantonly caused the collision. Holland sought UM benefits from State Farm, her insurer, and from Auto-Owners, Jefferson County's insurer. Grazette sued Griswold, Holland's co-employee, and Jefferson County. The cases were consolidated and tried to a jury. In Holland's action against Grazette and the two insurers, the jury returned a verdict in favor of Grazette and State Farm and against Auto-Owners, awarding damages. In Grazette's action against Jefferson County, the jury returned a verdict against Jefferson County. The trial court denied Auto-Owners' motion for judgment as a matter of law, and Auto-Owners appealed. The Civil Court of Appeals reversed based on that court's holding in *Carlton* not yet reviewed by the Supreme Court. The *Holland* court stated the issue in *Carlton* as follows: "Whether an employee can receive uninsured-motorist ('UM') benefits under his family automobile liability policy *when he is injured on the job by a negligent co-worker who is immune to suit* because of the exclusivity provisions of

6

the Worker's Compensation Act."  *Holland*, 832 So.2d at 78 (emphasis
supplied).  The Court of Appeals held that its ruling in *Carlton* was
dispositive in *Holland*.  Although the Court of Appeal's reasoning is
not entirely clear, from this court's reading of it, the Court of
Appeals concluded that the trial court had erred by not granting Auto-
Owners' JML because the jury returned a verdict in favor of Grazette,
the alleged third-party tortfeasor.  In order to recover under her
employer's UM policy or her own, Holland had to prove that she was
"legally entitled to recover."  As this court interprets the Court
of Appeals, because the jury returned a verdict in favor of Grazette
and against Auto-Ownwers it must have found Griswold, Holland's co-
employee, to be at fault.  Under the Court of Appeals' earlier
reasoning in *Carlton*, a co-employee is always barred by the
exclusivity provision of the Worker's Compensation Act from recovering
against a negligent co-worker.  Because the jury found that Holland's
co-worker, Griswold, was at fault, she was, according to the Court of
Appeals, not "legally entitled to recover," and accordingly, she could
not recover UM benefits from her own insurer or from her employer's
insurer.

     This court has already found as a matter of law that Glaze is
entitled to recover UM/UIM benefits from CIC, his employer's UM/UIM
carrier, subject to the subrogation interest of his employer's
worker's compensation carrier, that is, if the underinsured third-
party tortfeasor was at fault.  The court finds no reason to retreat
from that holding.  *Holland,* like *Carlton,* does not address the issue
in this case, in which CIC contends that Glaze's receipt of workmen's

7

compensation benefits precludes his recovery under the UM/UIM
provision in his employer's insurance policy because worker's
compensation benefits provide the sole or exclusive remedy available
to an employee injured in the line and scope of his employment no
matter what the other circumstances.  The motion to reconsider will be
denied by separate order.  The question of CIC's liability, depending
on whether Glaze is "legally entitled to recover" under his employer's
UM/UIM policy, which, in turn, depends upon a finding-of-fault against
the underinsured third-party tortfeasor, and the fixing of the
potential damages, remains for trial.

### Conclusion

For the foregoing reasons CIC's motion to reconsider pursuant to
Rule 60(b)(6) will be denied.  CIC has asked, in the alternative, that
the court certify to the Supreme Court of Alabama the question of
whether an employee, who has been compensated for his injuries through
worker's compensation benefits, is precluded from recovering UM/UIM
benefits from his employer's insurance carrier.  Instead of responding
favorably to CIC's request the court will employ 28 U.S.C. § 1292(b)
and will give CIC the opportunity, if it wishes to do so, to ask the
Eleventh Circuit to take a look at the controlling question of law,
which was not dispositively resolved in *Holland*.

DONE this   19th day of August, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

8