FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION    08 FEB 17 PM 3: 52

U.S. DISTRICT COURT
N.D. OF ALABAMA

GREYLAN GLAZE,                    }

    Plaintiff,                    }

v.                                }    CIVIL ACTION NO.
                                  }    02-AR-2480-S
CINCINNATI INSURANCE COMPANY,     }

    Defendant.                    }

ENTERED

FEB 17 2004

## MEMORANDUM OPINION

    The court has for consideration the renewed motion for summary judgment filed by defendant, Cincinnati Insurance Company ("CIC"), seeking a dismissal of the two remaining claims of plaintiff, Greylan Glaze ("Glaze"), namely, the claims for fraud and bad faith.  The central question of insurance coverage was earlier resolved in favor of Glaze and against CIC.

    On June 13, 2003, this court held that CIC provided uninsured/under-insured motorist ("UM/UIM") coverage for Glaze, who was badly injured in a traffic accident on December 11, 2001.  The court need not repeat what it found on June 13, 2003, or what it reiterated on August 19, 2003, when it certified the coverage question to the Eleventh Circuit for interlocutory appeal, employing the magic words of 28 U.S.C. § 1292(b) as follows:

> The court is of the opinion that this order finding that
> Cincinnati Insurance Company afforded coverage to Greylan
> Glaze for the under-insured's potential liability to him
> involves a controlling question of law **as to which there
> is substantial ground for difference of opinion**, and that
> an immediate appeal from that order may materially
> advance the ultimate termination of litigation.  If

> Cincinnati Insurance Company's contention proves to be
> correct, it obviously would not be liable for bad faith
> or fraud because it did not provide coverage.

(emphasis supplied).

CIC petitioned the Eleventh Circuit for interlocutory appeal, but before the Eleventh Circuit could react, the Supreme Court of Alabama on September 5, 2003, decided *Watts v. Sentry Insurance Co.*, 2003 WL 22064204, _____ So. 2d _____ (Ala. 2003), eliminating any doubt that may have lingered over whether CIC had provided UM/UIM coverage to Glaze. After *Watts* came down, CIC dismissed its petition to the Eleventh Circuit and paid Glaze the policy limits, namely, $120,000, without prejudice to Glaze's right to continue pursuing his claims for fraud and bad faith. Now those claims are challenged by CIC.

While Glaze was admittedly a third-party beneficiary of the insurance policy purchased by his employer from CIC, there is no evidence that Glaze himself participated in his employer's decision to purchase the coverage from CIC, or that he relied upon anything said or withheld by CIC, either at the time of the purchase of the policy, or at the time any pertinent amendments to the policy were promulgated by CIC. Because CIC made no representations to Glaze, it could not have made any **mis**representations to him. CIC was under no obligation to reveal to Glaze any potential shortcomings or holes in the UM/UIM coverage. Whether Glaze's employer has a potential fraud claim against CIC for suppression or

2

misrepresentation is not a question before this court.   Glaze
himself has no fraud claim.

Unfortunately for Glaze, insofar as his separate "bad faith"
claim is concerned, the court has, as a matter of law, already
ruled upon the question by certifying the coverage question to the
Eleventh Circuit under 28 U.S.C. § 1292(b).   The Alabama tort of
bad faith is limited to cases in which the coverage question is not
fairly debatable.   Although this court was proven to be correct
when it found that Glaze enjoyed under-insured motorist coverage,
both the court and Glaze are stuck with the ruling of August 19,
2003, "that the order finding that Cincinnati Insurance Company
afforded coverage to Greylan Glaze for the under-insured's
potential liability to him involves a controlling question of law
**as to which there is substantial ground for difference of opinion"**
(emphasis supplied).   If the court was correct when it made this
ruling, the coverage question was fairly debatable.   If it had not
been fairly debatable, the court could not have certified the
question for interlocutory appeal.   For Glaze to successfully
defend CIC's motion for summary judgment seeking a dismissal of the
bad faith claim, he would have to satisfy the court that what it
said on August 19, 2003, was clearly erroneous or was completely
"off the wall".   He has not done so.

As this court reads the many cases on bad faith from the
Supreme Court of Alabama, the concept "fairly debatable" never

exposes an insurance company to punitive damages for engaging in overly exuberant debate with a claimant or in taking overreaching positions during its evaluation and adjustment of a claim.   The inquiry is more theoretical, namely: "Was there a legitimate basis for engaging in debate?"; and not "Was the insurer's resistance and refusal to pay ugly and overly vigorous, and/or the result of intransigence?"

A question not argued by the parties or presented by the pleadings is whether a combination of intransigence by the insurer and its use of policy language that obfuscates and arguably makes coverage illusory can **together** act as a substitute for classic Alabama  "bad faith".   In other words, could the Supreme Court of Alabama forge an amalgam of Glaze's two claims, neither of which can stand on its own, into a new Alabama tort?   In the instant case, CIC equivocated about whether it actually denied coverage, and it issued a policy of insurance that, in the light of Alabama statutory law, arguably was meaningless and was never intended to cover situations like this one that could easily be anticipated. This unique combination of possibly provable facts may or may not form a basis for a new Alabama tort, but not a tort that this court is prepared to recognize or to certify to the Supreme Court of Alabama for its acceptance or rejection.

A separate order granting summary judgment for CIC will be entered.

4

DONE this _17th_ day of February, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE